The Chancellor.
The complainants are judgment creditors of William B. and Horace Ely. They have taken out execution upon tlieir judgment, and exhausted their remedy at law. This bill is filed for the purpose of obtaining the aid of this court in applying to the satisfaction of the judgment trust property which belongs to the debtors under the will of their father.
Amasa Ely disposed of the residuum of his estate as follows: “ It is my will that the residue of my estate be distributed as follows, viz. one fifth to Elizabeth B. Ely, wife of my son William B. Ely, in trust for the use of my said son, William B. Ely, subject to the deduction of five hundred dollars, paid by me for the use of said William B. Ely at various times; one fifth to Clara M. Ely, wife of my son Horace Ely, in trust for the use of said Horace Ely. And in case of the decease of my said son Horace Ely before my twin sons, John B. and Samuel B. Ely arrive at the age of twenty-one years, and leaving no child or children living, it is my will that said distributive share, so held in trust for his use, be divided equally between my surviving children, said share to be subject to the like deduction of five hundred dollars, paid by me for the use of my said son, Horace Ely, at various times. One fifth to my daughter, Elizabeth Ely, and the remaining one fifth to my son Samuel B. Ely.”
The executors of the will have paid to Elizabeth B. Ely and Clara M. Ely the sum of fifteen hundred dollars, each, upon the said trusts, and there still remains in the hands of the executors the sum of five hundred dollars to be distributed, subject to a deduction for commissions and other expenses of administering the estate.
It is insisted that these trust funds are not liable for the debts of the cestui que trust, and that there is no power in this court to appropriate them for any such purpose. If the first member of the proposition be true, it follows, of course, that the funds are beyond the reach of the court. *174 But if the funds are liable for debts, then this is the only court whose jurisdiction can control them.
I can see no reason why the trust fund in the hands of the executors belonging to William B. Ely, and the sum of fifteen hundred dollars, which has been paid over to Elizabeth B. Ely in trust for him, are not liable for Wil-, liam B. Ely’s debts. The money is at his disposal, and the trustee is bound to pay it to him whenever he may demand it.- The trust is only to receive the money, and pay it over. The trustee is only the medium through which the money passes from the executor to the cestui que trust. The former has no control over it for any purpose, except to dispose of it as William B. Ely shall direct. If this is so, then this court may appropriate the trust estate to pay a judgment creditor. This was done in the case of Lynch v. Utica Ins. Co., 18 Wend. 245. It was said, on the argument, that in the case of Lynch v. Utica Ins. Co., the court had jurisdiction under the statute of uses in the state of New York. But it will be seen, by the opinion of Ch. Just. Nelson, delivered in that case, that the court expressly decided that the statute had no application to the case. It was in the exercise of its ordinary jurisdiction that the court, in that case, appropriated the fund in the hands of the executor of the will of the debtor’s father.
It was said that, when this will was made, Samuel and Horace were insolvent, and that it was the intention of the testator to provide a fund for the support of their families which would not be subject to their debts, and that the court ought not to interfere with that intention. It is true the testator might have guarded the trust fund, so as to protect it from creditors, if he had seen fit to do [sp. But this he has not done, and no such intention appears on the face of the will. The absolute disposal of the trust funds being placed in the hands of the cestui que trust is at variance with such intention.
The trust fund in the hands of Clara M. Ely is subject to a contingency. That fund is not now at the disposal of *175 Horace, and may never be at his disposal. In case of his death before his brothers John and Samuel arrive at the age of twenty-one years without children, then the trust fund is to bo distributed equally among the then surviving children of the testator. Until the contingency occurs, Horace is entitled to the interest of the fund only. The und is not at the disposal of Horace, and this court cannot, therefore, dispose of it to pay his debts., Ilis creditors can have no greater interest in the fund than he has. }
The complainants are entitled to an account of the trust funds in the hands of the executors and trustees, and to have appropriated to the satisfaction of their judgment so much of it as is not subject to the contingency referred to. If that fund is not sufficient to pay the judgment, the question is reserved, as to whether the complainants are entitled to the interest of the contingent trust fund.
The executors having paid to one of the trustees a portion of the funds, without any fraud being imputed to them in doing so, they are chargeable only with such amount as remains in their hands after making all just allowances.